# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IOWA LIBERTARIAN PARTY and THOMAS HALTERMAN,<br>        Plaintiffs,<br><br>v.<br><br>CLAIRE CELSI, in her individual and official capacity as Senator of the 21st District of the Iowa Senate,<br>        Defendant. | Case No. 4:19-cv-00223<br><br>PETITION |

COMES NOW, the Iowa Libertarian Party and Thomas Halterman, by and through their attorney, Julia A. Ofenbakh, and in support of their petition state as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs Iowa Libertarian Party and Thomas Halterman ("Plaintiffs") bring this action under 42 U.S.C. § 1983 to vindicate the free speech rights of Iowa citizens and to enjoin Defendant, Iowa Senator Claire Celsi ("Senator Celsi"), from limiting access to her Twitter account based on the viewpoint of her constituents.

2. The Iowa Libertarian Party is an unincorporated, Des Moines-based "nonparty political organization" under Iowa Code Chapter 44 that has sponsored, sponsors, and intends to continue to sponsor candidates in Iowa elections who support the Party's libertarian ideals.

3. The Iowa Libertarian Party may bring suit on behalf of its members when its members could otherwise sue in their own right, the interests at stake are consistent with the organization's purpose, and neither the claim asserted or the relief sought requires a lawsuit filed on behalf of each individual member. *See Hunt v. Washington St. Apple Advertising Comm'n*, 432 U.S. 333

(1977); *United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996).

4. Thomas Halterman is a citizen and resident of West Des Moines, Polk County, Iowa, and a constituent of Senator Celsi's.

5. Senator Celsi is an Iowa State Senator who represents District 21 (western Des Moines, West Des Moines, and northwest Warren County) in the Iowa State Senate.

6. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 because it involves an issue of federal law.

7. Venue for claims at issue in this action is proper in the Southern District Court of Iowa pursuant to 28 U.S.C. § 1391(b)(1)-(2) due to Senator Celsi and Plaintiffs residing in the Southern District of Iowa, and a substantial part of the events giving rise to this action occurring in the Southern District of Iowa.

## FACTS COMMON TO ALL COUNTS

8. Plaintiffs re-allege and restate paragraphs 1-7 as if fully set forth herein.

9. On or about June 29, 2019, Senator Celsi blocked Plaintiff Halterman from her Twitter account.

10. This fact was discovered when Plaintiff Halterman exercised his constitutional rights to speak freely and to petition his government for redress of grievances by publishing statements critical of Senator Celsi's position on the Trump/Mueller election issue on her Twitter account.

11. Based on information and belief, Senator Celsi retaliated against Plaintiff Halterman for engaging in fully protected political speech by permanently blocking him from accessing or commenting on her Twitter account after two exchanges through private messages on Twitter. See Exhibit 1.

12. Senator Celsi's actions violated the First and Fourteenth Amendments to the Constitution of the United States because the comment section of her Twitter account is a designated public forum within which the State may not discriminate against speakers based on their viewpoint.

## GENERAL ALLEGATIONS

13. Plaintiffs re-allege and re-state paragraphs 1-12 as if fully set forth herein.

14. Twitter accounts may be subject to forum analysis. *See Campbell v. Resich*, 367 F. Supp. 3d 987, 992 (W.D. Mo., 2019); *Packingham v. North Carolina*, 137 S.Ct. 1730, 1735, 198 L. Ed. 2d 273 (2017); *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 2019 U.S. App. LEXIS 20265 (2d Cir. N.Y., July 9, 2019).

15. Like many members of the Iowa State Senate, Senator Celsi has a Twitter account.

16. Senator Celsi uses the Twitter handle @claire4iowa.

17. On her Twitter page, Senator Celsi describes herself as a "State Senator-District 21, encompassing western Des Moines, West Des Moines & NW Warren Co."

18. Senator Celsi uses her @claire4iowa Twitter account to address her constituents, tout her accomplishments as a state senator, and promote her political agenda.

19. On July 10, 2019, Senator Celsi commented on Twitter "The 2nd amendment also says well regulated. What part of 'Well regulated' do you not understand?" See Exhibit 2.

20. On July 13, 2019, Senator Celsi retweeted Barbara Rodriguez saying, "I was a co-sponsor of this bill. It would have allowed feminine hygiene products, baby diapers, and adult diaper to be tax free under Iowa law. Republicans weren't interested and the bill went nowhere. Thanks to @janet4iowa for the idea and getting it introduced." See Exhibit 3.

21. On May 29, 2019, Senator Celsi tweeted, "Today, I attended a news conference at the Capitol to urge Legislators to override Governor Reynolds' veto. Representative John Forbes has asked Governor Reynolds twice for a private meeting to discuss the bill and she has refused. Typical." See Exhibit 4.

22. Since the occurrence on June 29, 2019, with regards to Plaintiff Halterman's instance, it has been brought to Plaintiff Iowa Libertarian Party's attention that Senator Celsi has blocked numerous constituents, Iowa residents, members of the Iowa Libertarian Party, and out-of-state U.S. citizens from following her Twitter account and the comment section of said account. See Exhibit 5.

### COUNT 1
### 42 U.S.C. § 1983- VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

23. Plaintiffs re-state and re-allege paragraphs 1-22 as if fully set forth herein.

24. By using her Twitter account to engage in political discourse related to her official duties as a State Senator and opening her account to comment by the general public, Senator Celsi has created a designated public forum.

25. The regulation of speech in a designated public forum is permissible only if narrowly drawn to achieve a compelling state interest. *See International Soc'y for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 678 (1992).

26. Regulation of speech in a designated public forum based on the viewpoint of speaker is presumptively unconstitutional. *See R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992); *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819 (1995).

27. Senator Celsi blocked members of the Iowa Libertarian Party, various constituents, Iowa residents, and out-of-state U.S. citizens from her Twitter account, as well as Plaintiff Halterman after claiming he was a "troll."

28. Senator Celsi acted under color of state law when she blocked Plaintiffs.

29. Blocking Plaintiffs from participating in the designated public forum she established on her Twitter page based on their viewpoint violates the Free Speech Clause of the First Amendment, which is made applicable to the State of Iowa and its elected officials through the Due Process Clause of the Fourteenth Amendment.

30. Blocking Plaintiffs from interacting with an elected state senator on her public Twitter page because their speech is critical of her political positions is a prior restraint of fully protected political speech.

31. Blocking Plaintiffs from the @claire4iowa Twitter account imposes an unconstitutional viewpoint-based restriction on Plaintiff's right to free speech in a designated public forum.

32. Blocking Plaintiffs from the @claire4iowa Twitter account also imposes an unconstitutional viewpoint-based restriction on Plaintiffs' access to official statements their State Senator otherwise makes available to the general public.

33. Further, blocking Plaintiffs from the @claire4iowa account imposes an unconstitutional viewpoint-based restriction on Plaintiffs' ability to petition their State Senator for redress of grievances.

34. Senator Celsi's unconstitutional conduct has directly and proximately caused harm to Plaintiffs by depriving them of their rights under the First and Fourteenth Amendments.

35. Senator Celsi acted purposefully, maliciously, and with reckless disregard for Plaintiffs' First Amendment Rights.

36. The harm to Plaintiffs in the loss of First Amendment rights is irreparable.

37. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Senator Claire Celsi and grant them the following relief:

a. A declaration that Senator Celsi's blocking of Plaintiff Halterman's access to her Twitter account is a viewpoint-based restriction on speech in a designated public forum in violation of the First and Fourteenth Amendments to the Constitution of the United States;

b. A permanent injunction barring Senator Celsi from further blocking Plaintiff Halterman from her Twitter page based on the content or viewpoint of his speech;

c. A permanent injunction barring Senator Celsi from denying any other Twitter user access to her Twitter page based on the content or viewpoint of their speech;

d. An award of $1 per Plaintiff, as well as reasonable attorney fees and costs under 28 U.S.C. § 1988.

e. Any further relief the Court deems just and proper.

## REQUEST FOR JURY TRIAL

The Plaintiffs respectfully request trial by jury on all claims so triable.

Respectfully Submitted on Behalf of Thomas Halterman and the Libertarian Party of Iowa,

/s/ Julia A. Ofenbakh
Julia A. Ofenbakh, AT0010124
2183 86th Street, Suite C
Clive, Iowa 50325
Phone: (515) 868-0088
Facsimile: (515) 963-5370
Email: julia@iowadefenders.com
ATTORNEY FOR PLAINTIFFS