IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

IOWA LIBERTARIAN PARTY and
THOMAS HALTERMAN,

                    Plaintiffs,                    No. 4-19-cv-223-CRW-CFB

vs.                                                          ORDER

CLAIRE CELSI, in her individual and
official capacity as Senator of the 21st
District of the Iowa Senate,

                    Defendant.

        In this action brought pursuant to Title 42 section 1983, plaintiffs allege they are

constituents of the 21st District of Iowa, the district defendant Senator Claire Celsi (Celsi)

represents in the Iowa State Senate.  Plaintiffs contend Celsi violated their constitutional right to

free speech when she used her Twitter account @Claire4Iowa under color of state law and

blocked them from viewing the account and from sending her direct messages at that address.

        On November 13, 2019, the court held a hearing on Celsi's motion to dismiss

(Docket #13) this lawsuit on the ground that she was not a state actor acting under color of state

law when she blocked defendants from a personal account. She contends she created the account

before she became a state senator, then continued to use it after her election with an updated

Twitter profile reflecting that she is "State Senator-District 21, encompassing western Des

Moines, West Des Moines and NW Warren County."  Celsi  distinguishes her use of her social

media account from the defendant Trump's use of his Twitter account in Knight First

Amendment Inst. at Columbia Univ. v. Trump, 928 F.3d 226 (2nd Cir. 2019).  There, President

Trump used his Twitter account to conduct official business.  The Court there found Trump

engaged in unconstitutional viewpoint discrimination when he used the Twitter blocking function to limit certain users' access to his Twitter account.   The Court found that President Trump's Twitter account bore "all the trappings of an official, state-run account."   Id. at 7.   The account was registered to him in his capacity as "45[th] President of the United States of America, Washington D.C."   Id, at 7.   Moreover, the President, members of his administration, and the National Archives considered Trump's use of the account as official.

The Trump case was decided on cross-motions for summary judgment.   Id. at 11; the court ruled on stipulated facts.   See footnote 1.   Celsi concedes that her Twitter account was used to "address constituents, tout accomplishments, and promote her political agenda."   Petition ¶ 18.   But according to the Trump court, the court must consider factors pointing to the public, non-private nature of the account (Id.  at 18) to determine whether the First Amendment is implicated.   The court called it a "fact-specific" inquiry.   Id. at 20.

Here, with no facts stipulated, this court must simply accept as true the allegations of the plaintiffs' complaint.   The court denies all grounds of defendant's motion to dismiss, without prejudice to defendant asserting similar legal arguments in a timely-filed summary judgment motion.

IT IS SO ORDERED.

Dated this 15th day of November, 2019.

*Charles R. Wolle*

CHARLES R. WOLLE, SENIOR JUDGE
UNITED STATES DISTRICT COURT